IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| Leona Yoki Washington, ) | |
| ) | |
| Petitioner, ) | **ORDER ON MOTION TO VACATE,** |
| ) | **SET ASIDE, OR CORRECT SENTENCE** |
| vs. ) | |
| ) | Case No. 3:23-cv-076 |
| United States of America, ) | |
| ) | |
| Respondent. ) | |

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:20-cr-187 |
| ) | |
| Leona Yoki Washington, ) | |
| ) | |
| Defendant. ) | |

Petitioner Leona Yoki Washington moves to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. Doc. 417. The United States opposes the motion. Doc. 433. After careful review, the motion is denied.

**I.    BACKGROUND**

In October 2020, Washington was charged in connection to her role as the leader of a fentanyl and heroin conspiracy in the Fargo area. Doc. 2. The investigation into the conspiracy began following several overdoses that occurred in North Dakota and Minnesota. Doc. 426 at 15. These overdoses were traced to fentanyl pills distributed by Washington. Id.

Following her arrest, Washington entered into a plea agreement. Docs. 282; 283. She admitted her involvement in the heroin and fentanyl conspiracy and that she held a leadership role in its hierarchy. Doc. 282 at 2. She further admitted the pills she sold contributed to two fatal

overdoses and one non-fatal overdose. Id. at 2-3. The parties agreed to a base offense level of 26, with upward adjustments for Washington's leadership role and for obstructing justice. Id. at 6. The plea agreement noted the United States would argue for an upward departure based on the three overdoses. Id. at 8. The plea agreement supplement clarified the plea agreement, noting the parties agreed the guideline range should be 300 months after factoring in an upward departure based on the fatal and nonfatal overdoses. Doc. 283 at 1. The plea agreement also contained a broad appeal waiver, reserving the right to appeal a sentence above the upper end of the Court-determined sentencing guideline range or for ineffective assistance of counsel. Doc. 282 at 9-10.

At sentencing, the parties again confirmed that, per the plea agreement, the guideline range would start at 300 months, considering the upward departure for the overdoses. Doc. 427 at 10, 17-18. The Court calculated a total offense level of 34, placing 300 months within the guideline range. Id. at 22–23. The United States then recommended a 200 month sentence (id. at 23-27), and Washington's counsel recommended a sentence of 150 months (id. at 27-34). Washington was sentenced to 200 months' imprisonment. Doc. 427 at 39. She did not appeal.

On April 12, 2023, Washington filed this motion to vacate. She raises four ineffective assistance of counsel claims: (1) failure to investigate her case; (2) failure to properly advise her as to the inapplicability of certain "good time" reductions in sentence; (3) failure to inquire about and file an appeal; and (4) failure to properly communicate throughout the representation.

## II.  LEGAL STANDARD

A motion under 28 U.S.C. § 2255 provides avenues for relief "in several circumstances, including cases shown to contain jurisdictional errors, constitutional errors, and errors of law." Raymond v. United States, 933 F.3d 988, 991 (8th Cir. 2019) (citing 28 U.S.C. § 2255(b)). "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Fletcher

v. United States, 858 F.3d 501, 505 (8th Cir. 2017) (quoting Jennings v. United States, 696 F.3d 759, 762 (8th Cir. 2012)).

Washington bases her § 2255 motion on several claimed violations of her Sixth Amendment right to effective assistance of counsel. To obtain relief on an ineffective assistance of counsel claim, a petitioner must satisfy the two-prong test announced in Strickland v. Washington, 466 U.S. 668, 687 (1984). For the first prong, a petitioner must establish constitutionally deficient representation, meaning counsel's performance fell below an objective standard of reasonableness. Meza-Lopez v. United States, 929 F.3d 1041, 1044 (8th Cir. 2019) (citing Strickland, 466 U.S. at 687-88). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. "Judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. Courts view the representation from counsel's perspective at the time of the alleged error to avoid the effects of hindsight and second-guessing. Kemp v. Kelley, 924 F.3d 489, 500 (8th Cir. 2019) (citing Strickland, 466 U.S. at 489). A petitioner must overcome a strong presumption that defense counsel provided "adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690; see also Camacho v. Kelley, 888 F.3d 389, 394 (8th Cir. 2018). Strategic decisions made after a thorough investigation of the law and facts are virtually unchallengeable. United States v. Orr, 636 F.3d 944, 950 (8th Cir. 2011).

To satisfy the second prong, a petitioner must demonstrate that prejudice resulted from the deficient representation. Strickland, 466 U.S. at 687. To do so, a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Adejumo v. United States, 908 F.3d 357, 361 (8th Cir. 2018) (quoting

3

Strickland, 466 U.S. at 694). A reasonable probability is one "sufficient to undermine confidence in the outcome." Wiggins v. Smith, 539 U.S. 510, 534 (2003) (quoting Strickland, 466 U.S. at 694). When evaluating the probability of a different result, courts view the totality of the evidence to gauge the effect of the error. Williams v. United States, 452 F.3d 1009, 1013 (8th Cir. 2006) (citing Strickland, 466 U.S. at 495). Where a petitioner raises multiple ineffective assistance of counsel claims, each claim must be examined independently rather than collectively. Hall v. Luebbers, 296 F.3d 685, 692-93 (8th Cir. 2002) (citing Wainwright v. Lockhart, 80 F.3d 1226, 1233 (8th Cir. 1996)). Cumulative error will not justify habeas relief. Middleton v. Roper, 455 F.3d 838, 851 (8th Cir. 2006).

A Section 2255 motion may be dismissed without a hearing if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Tinajero-Ortiz v. United States, 635 F.3d 1100, 1105 (8th Cir. 2011). "The movant bears the burden to prove each ground entitling relief." Golinveaux v. United States, 915 F.3d 564, 567 (8th Cir. 2019) (citation omitted). Whether to grant or deny an evidentiary hearing is committed to the discretion of the district court. See id.

### III.   DISCUSSION

Washington asserts that she received ineffective assistance of counsel, and this deficient representation caused her prejudice. Her motion raises four errors by her former counsel: (1) failure to investigate her case; (2) failure to properly advise her regarding the inapplicability of certain "good time" sentence reductions; (3) failure to inquire about and file an appeal; and (4) failure to properly communicate throughout the representation. When her accusations are examined against the record, it is clear that her claims lack merit.

### A. Failure to Adequately Investigate

Washington first argues that former counsel did not adequately investigate the overdoses that enhanced her sentence. She claims she would not have pleaded guilty if she understood the United States was required to prove beyond a reasonable doubt that the controlled substances at issue were the "but for" cause of the deaths and injury she was found to be responsible for. Doc. 417-1 at 1-2.

"Reasonable performance of counsel includes an adequate investigation of facts, consideration of viable theories, and development of evidence to support those theories." Cagle v. Norris, 474 F.3d 1090, 1097 (8th Cir.2007) (quoting Lyons v. Luebbers, 403 F.3d 585, 594 (8th Cir.2005). But Washington's argument is based on a misunderstanding of the law. Washington was charged with conspiracy to possess with intent to distribute and distribute fentanyl and heroin. Doc. 2. at 1-5. The overdoses were considered as an upward departure for sentencing (and therefore subject to the preponderance of the evidence standard) and did not need to be proven beyond a reasonable doubt. The Eighth Circuit has stated this approach is "consistent with upward departures we have approved under § 5K2.1 for drug distribution conduct that resulted in an overdose death." United States v. Harris, 44 F.4th 819, 820-21, 823 (8th Cir. 2022). Washington's position is premised on a misunderstanding of the law, and counsel was not ineffective for failing to investigate based on a flawed legal theory or that any prejudice occurred as a result. Accordingly, the claim is dismissed.

### B. "Good Time" Credit

Washington next argues counsel failed to inform her that the upward departure related to the overdoses and her leadership role in the conspiracy would disqualify her from earning certain good time credits under the First Step Act. Doc. 417-1 at 3. Again, much of this argument is

5

premised upon an incorrect assumption that the United States would have needed to prove the overdoses were attributable to her beyond a reasonable doubt at trial. To the extent Washington repeats this argument, the claim is denied.

She goes on to argue she was unaware that her leader/organizer enhancement would disqualify her from receiving good time credit under the First Step Act. Id. As relevant to Washington, prisoners who complete certain recidivism-reduction programing may be eligible for 10 days of good time "for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4). But under 18 U.S.C. § 3632(d)(4)(D)(lxvi), she is disqualified from receiving the reduction because she was convicted of a conspiracy involving at least 40 grams of fentanyl. So, even in the absence of overdoses and leader/organizer enhancement, Washington is ineligible for the reduction, and she has suffered no prejudice.

Beyond that, a defendant need only be informed of the direct consequences of their guilty plea. George v. Black, 732 F.2d 108, 110 (8th Cir. 1984). "It is not necessary to attempt to inform the defendant of all the indirect or collateral consequences." Id. "The distinction between 'direct' and 'collateral' consequences of a plea, while sometimes shaded in the relevant decisions, turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment." Id. Washington's "good time" reduction is contingent on successful completion of at least 30 days of programming. See 18 U.S.C. § 3632(d)(4)(A)(i). This makes the any reduction in sentence entirely speculative. Counsel did not have a duty to inform Washington of this hypothetical, collateral consequence, and the claim fails.

Finally, Washington states in conclusory fashion that her sentence would have been different if she had known that she would not be eligible for the "good time" reduction. Notably

absent from this argument is any factual explanation as to why the result would have been different. Because Washington has not shown the outcome of his case would have been any different, the claim also fails for lack of prejudice.

### C. Failure to Advise of Appeal Rights

For her third argument, Washington asserts her attorney provided ineffective assistance by failing to consult with her about a potential appeal. Doc. 417-1 at 4. But she concedes that an appeal was briefly discussed following her sentencing hearing and that her attorney informed her that an appeal was "not a [plausible] option for her." Id. Washington claims she would have benefitted from an appeal. Id.

With a claim of ineffective assistance as to an appeal, if a defendant did not clearly request or instruct their attorney to appeal, the court must then determine whether counsel consulted with the defendant about an appeal and, if not, whether the failure to consult was unreasonable. Parsons v. United States, 505 F.3d 797, 798 (8th Cir. 2007) (discussing Roe v. Flores-Ortega, 528 U.S. 470 (2000)). "[C]ounsel has a constitutionally imposed duty to consult . . . when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Roe, 528 U.S. at 480. A showing of prejudice is also required when there is a contention that counsel failed to consult the defendant regarding an appeal. Parsons, 505 F.3d at 798. To show prejudice, a defendant must show a reasonable probability they would have appealed absent the failure to consult. Id.

As an initial matter, and importantly, Washington concedes counsel did discuss an appeal with her and advised against it. This appears to have been sound advice, as Washington has not advanced, and the Court cannot find, any rational reason for her to have appealed her sentence.

She received less than the mandatory minimum sentence, and she waived her right to appeal a sentence that was not above the guideline range. Doc. 282 at 9. Further, Washington has not articulated what exactly she believes should have been appealed or provided any explanation as to why. On these facts, counsel's consultation with Washington regarding an appeal is not deficient, and nothing in the record shows she suffered any prejudice. The claim is dismissed.

### D. Failure to Communicate

Finally, Washington claims counsel failed to maintain a proper channel of communication with her. Doc. 417-1 at 3. She claims this lack of communication led to an undesirable sentencing outcome. Id. Specifically, Washington claims counsel met with her only once and sent someone else from his office to review discovery with her. Id.

At her change of plea hearing, Washington stated under oath that she was satisfied with her representation and indicated she had "plenty of time" with her attorney. Doc. 426 at 4. Similarly, at her sentencing hearing, Washington again stated under oath that she was satisfied with her legal representation. Doc. 427 at 5. It is well-established that a defendant's statements while under oath carry a strong presumption of truthfulness. United States v. Green, 521 F.3d 929, 931 (8th Cir. 2008); United States v. Ledezma-Rodriquez, 423 F.3d 830, 836 (8th Cir. 2005); United States v. White, 610 F. App'x 579, 582 (8th Cir. 2015). It strains credulity for Washington to now suggest she had not adequately consulted with her attorney. If Washington believed she had not adequately consulted with her attorney, or that his representation had been deficient, she had ample opportunity to raise that at her change of plea hearing and sentencing. Accordingly, her allegations are conclusively contradicted by her statements made under oath and lack credibility. The claim is dismissed.

8

### E.   Evidentiary Hearing

Section 2255(b) requires an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." No hearing is necessary "if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003).

After careful review of the file and all of Washington's substantive § 2255 claims, the record refutes each claim presented by her. As such, dismissal without an evidentiary hearing is warranted. See Calkins v. United States, 795 F.3d 896, 900 (8th Cir. 2015).

## IV.   CONCLUSION

The Court has reviewed the record, the parties' filings, and the relevant legal authority. Washington's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. No. 417) is **DENIED**. This matter is **DISMISSED** without an evidentiary hearing.

The Court certifies that an appeal from the denial of the motion may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). Based upon the entire record, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Therefore, the Court will not issue a certificate of appealability. Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983); Tiedeman v. Benson, 122 F.3d 518, 520-22 (8th Cir. 1997). If Washington desires further review of her motion, she may request a certificate of appealability from a circuit judge of the Eighth Circuit Court of Appeals.

**IT IS SO ORDERED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated this 27th day of October, 2023.

>  */s/ Peter D. Welte*
> Peter D. Welte, Chief Judge
> United States District Court